SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**In the Matter of Registrant A.D., J.B., and C.M.** **(A-55-15) (076345)**

**(NOTE: The Court did not write a plenary opinion in this case. Instead, the Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Nugent's written opinion, which is published at 441 N.J. Super. 403 (App. Div. 2015).)**

**Argued January 18, 2017 -- Decided February 7, 2017**

**PER CURIAM**

Under Megan's Law's registration requirements, N.J.S.A. 2C:7-1 to -5 (Registration Law), a court may terminate a registrant's obligations if, among other requirements, the registrant "has not committed an offense within 15 years following conviction or release . . . whichever is later, and is not likely to pose a threat to the safety of others." N.J.S.A. 2C:7-2(f). In this appeal concerning applications to terminate these sex offenders' Registration Law obligations, the Court determines whether the term "offense," as used in N.J.S.A. 2C:7-2(f), means "a crime, a disorderly persons offense or a petty disorderly persons offense unless a particular subsection in the code is intended to apply to less than all three"—the definition given in the general definitional subsection of the New Jersey Code of Criminal Justice (the Code), N.J.S.A. 2C:1-14(k)—or a "sex offense" as defined in the Registration Law.

A.D. was convicted of third-degree endangering the welfare of a child, which triggered the requirements of the Registration Law. In 2015, more than fifteen years after his conviction, A.D. filed an unopposed application to be relieved of the Registration Law's obligations. At the time, neither the court nor counsel were aware that in 2005 A.D. had been convicted of violating a condition of his sentence by failing to notify his parole officer of his change of address. Three months after the court granted A.D.'s application, the State became aware of his 2005 conviction and moved for reconsideration. The court vacated its previous order, rejecting A.D.'s argument that his application should be granted because he had not committed a sex offense within fifteen years. A.D. appealed.

J.B. pled guilty to second-degree sexual assault and was sentenced in March 1995. Following his release from custody, J.B. initially complied with the Registration Law. In 2006, however, J.B. failed to register and moved from his current address without notifying authorities. In August 2007, J.B. pled guilty to fourth-degree failure to notify law enforcement agencies of a change of address. In 2014, J.B. applied to terminate his obligation under the Registration Law. The court denied his application, concluding that the intervening conviction, though not for a sex offense, was a bar under N.J.S.A. 2C:7-2(f) to termination of his Registration Law obligations. J.B. appealed.

C.M. pled guilty to third-degree aggravated criminal sexual contact and was sentenced in May 1999. His judgment of conviction was amended in April 2002 to subject him to the requirements of Megan's Law. Fifteen years after C.M.'s sex offense conviction, he applied to terminate his Registration Law obligations. The court denied the application due to an intervening conviction for violating a final restraining order under the Prevention of Domestic Violence Act. The court rejected C.M.'s argument that he was entitled to have his registration obligations terminated because he had not committed a sex offense within fifteen years. C.M. appealed.

In a published opinion, the Appellate Division affirmed the trial courts' orders. 441 N.J. Super. 403 (App. Div. 2015). The panel concluded that the Code explicitly defines the term "offense" in N.J.S.A. 2C:1-14(k). Having found no ambiguity in the statutory language, the panel concluded that "the term 'offense' in N.J.S.A. 2C:7-2(f) means precisely what it is defined to mean—a crime, disorderly persons offense, or petty disorderly persons offense—and not the unstated limited meaning, 'sex offense.'" 441 N.J. Super. at 413. The panel noted that interpreting the term "offense" in N.J.S.A. 2C:7-2(f) as the Code defines it in N.J.S.A. 2C:1-14(k) is consistent with the Supreme Court's interpretation of the statute in Doe v. Poritz, 142 N.J. 1 (1995).

The Court granted A.D., J.B., and C.M.'s petition for certification. 216 N.J. 5 (2013).

1

**HELD:** The judgment of the Appellate Division is **AFFIRMED** substantially for the reasons expressed in Judge Nugent's opinion.

      **CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and TIMPONE join in this opinion. JUSTICE SOLOMON did not participate.**

IN THE MATTER OF REGISTRANT
A.D.

IN THE MATTER OF REGISTRANT
J.B.

IN THE MATTER OF REGISTRANT
C.M.

Argued January 18, 2017 – Decided February 7, 2017

On certification to the Superior Court, Appellate Division, whose opinion is reported at 441 N.J. Super. 403 (App. Div. 2015).

Fletcher C. Duddy Deputy Public Defender, argued the cause for appellants A.D., J.B., and C.M. (Joseph E. Krakora, Public Defender, attorney; Mr. Duddy and Jesse M. DeBrosse, Assistant Deputy Public Defender, on the briefs).

LaChia L. Bradshaw, Assistant Prosecutor argued the cause for respondent State of New Jersey, In the matter of Registrant A.D. (Robert D. Bernardi, Burlington County Prosecutor, attorney).

William W. Scharfenberg, Senior Assistant Prosecutor, argued the cause for respondent State of New Jersey, In the matter of Registrants J.B. and C.M. (Joseph D. Coronato, Ocean County Prosecutor, attorney).

Louise T. Lester, Assistant Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (Christopher S. Porrino, Attorney General, attorney).

PER CURIAM

The judgment of the Appellate Division is affirmed, substantially for the reasons expressed in Judge Nugent's opinion of the Appellate Division reported at 441 N.J. Super. 403 (App. Div. 2015).


CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and TIMPONE join in this opinion. JUSTICE SOLOMON did not participate.